UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIO R. PALOMO, | : | |
| | : | |
| Petitioner, | : | Civil No. 21-2068 (CCC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondent. | : | |

**CECCHI, District Judge**

Pro se petitioner Mario R. Palomo, an inmate at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 6. Palomo challenges his 2010 conviction for sexually abusing his two nieces. The State moves to dismiss the petition as untimely. ECF No. 9. For the reasons below, the motion is granted, Palomo's petition is dismissed, and no certificate of appealability shall issue.

I.      BACKGROUND

In 2010, Palomo was convicted by a jury of multiple counts of first-degree aggravated sexual assault, second-degree sexual assault, second-degree endangering the welfare of a child, and third-degree aggravated criminal sexual contact. *State v. M.R.P.*, No. A-2982-11T2, 2014 WL 4375727, at *1 (N.J. Super. Ct. App. Div. Sept. 5, 2014); ECF No. 1 (judgment of conviction). On December 16, 2011, he was sentenced to an aggregate 40 years of incarceration, with 34 years of parole ineligibility. *Id.*; *State v. M.R.P.*, No. A-2430-15T3, 2017 WL 3027375, at *1 (N.J. Super. Ct. App. Div. July 18, 2017); ECF No. 1. The Appellate Division affirmed on September 5, 2014.

*M.R.P.*, 2014 WL 4375727, at *1; ECF No. 9-1. Certification was denied on February 17, 2015. *State v. M.R.P.*, 220 N.J. 575, 108 A.3d 635 (2015); ECF No. 9-2.

Palomo moved for post-conviction relief ("PCR") on April 13, 2015. ECF No. 9-3 at 3. On November 12, 2015, his PCR petition was denied. *State v. M.R.P.*, No. A-2430-15T3, 2017 WL 3027375, at *1 (N.J. Super. Ct. App. Div. July 18, 2017); ECF No 9-3. The Appellate Division affirmed on July 18, 2017. *Id.*; ECF No. 9-4. Certification was denied on February 28, 2018. *State v. M.R.P.*, 232 N.J. 302, 179 A.3d 1055 (2018); ECF No. 9-5.

Palomo filed a second PCR petition on June 14, 2019. *State v. M.R.P.*, No. A-0051-19T2, 2020 WL 3980388, at *1 (N.J. Super. Ct. App. Div. July 15, 2020); ECF No 9-6 at 3. On July 22, 2019, the PCR court denied the petition as time-barred. The Appellate Division affirmed on July 15, 2020. *State v. M.R.P.*, 2020 WL 3980388, at *1; ECF No. 9-7. Certification was denied on November 13, 2020. *State v. M.R.P.*, 244 N.J. 370, 240 A.3d 409 (2020); ECF No. 9-8.

Palomo filed this habeas petition, dated February 4, 2021, on February 9, 2021. ECF No. 1 at 18. In June 2021, the Court terminated the petition because Palomo did not use the proper form. ECF No. 2. He filed a second petition in July 2021, but it was missing a page. ECF No. 3. In May 2022, Palomo filed a third petition—the operative petition—which included the missing page. ECF No. 6. In June 2022, the State moved to dismiss the petition, arguing that it was untimely because it was not filed within the one-year time limitation of 28 U.S.C. § 2244(d). ECF No. 9. Palomo did not file an opposition to the motion.

II.   **DISCUSSION**

A habeas corpus petition brought pursuant to 28 U.S.C. § 2254 must be filed within one year of the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" includes the 90-day period in which a petitioner could have but did not file a petition for certiorari with the United States Supreme Court. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled during the pendency of properly filed applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) ("[T]o fall within the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed.'") (citation omitted). A PCR application is considered "pending" during the period between a lower state court's denial of the petition and the deadline for a petitioner to timely appeal that decision, regardless of whether the appeal was filed. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). A PCR petition is not "properly-filed" for purposes of tolling the limitations period if it is untimely under state law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("When a [PCR] petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and citation omitted); *Deleon v. Johnson*, No. 16-8950, 2017 WL 5559767, at *2 (D.N.J. Nov. 17, 2017) ("When a post-conviction petition is untimely under state law, it is not 'properly-filed' for purposes of tolling the habeas statute of limitations under § 2244(d)(2).").

Further, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, the New Jersey Supreme Court denied Palomo's petition for certification on direct review on February 17, 2015. ECF No. 9-2. Thus, his conviction became final for purposes of the one-year limitations period 90 days later, on May 18, 2015, when his time to petition the United States Supreme Court for certiorari expired. *Ross*, 712 F.3d at 798; 28 U.S.C. § 2244(d)(1)(A). This is when the clock would have begun to run for filing a habeas petition. However, time was immediately tolled because Palomo had filed his PCR petition on April 13, 2015—before the 90-day period to petition for certiorari had expired. ECF No 9-3. Thus, at this point, no time had lapsed from the one-year limitations period.

The first PCR proceeding ended on February 28, 2018, when certification was denied. ECF No. 9-5. The statute of limitations began to run the next day and expired on February 28, 2019. *See Deleon v. Johnson*, No. 16-8950, 2017 WL 5559767, at *2 (D.N.J. Nov. 17, 2017). Palomo did not file his habeas petition until 1,077 days later—February 9, 2021—which was 712 days beyond the one-year limitations period.

Palomo did file a second PCR petition in state court on June 14, 2019, but this second petition does not affect the timeliness analysis because it was filed 471 days after certification of his first PCR petition was denied and 106 days beyond the expiration of the one-year habeas limitations period. In other words, even if the Court were to find that the second PCR petition could have tolled the time, it would not help Palomo because the one-year limitations had already expired before he filed the second PCR petition. *See Johnson v. Hendricks*, 314 F.3d 159, 161–62

4

(3d Cir. 2000) (holding that while the tolling provision excludes time during which a properly filed state PCR is pending, it does not reset the date from which the one-year limitations period begins to run); *Mitchell v. New Jersey*, No. 22-1729, 2022 WL 16968486, at *3 (D.N.J. Nov. 16, 2022) ("The limitations period . . . ran for 682 days until Petitioner filed his second PCR on August 9, 2021. As such, Petitioner's one-year limitations period for federal habeas review expired long before Plaintiff filed his second PCR."); *Ridgeway v. Bonds*, No. 17-2029, 2018 WL 6077978, at *3 (D.N.J. Nov. 21, 2018) ("[A]lthough Petitioner's PCR proceedings would have tolled some of the five years between the conclusion of his direct appeals and the filing of his habeas petition, it did not reset an already expired limitations period, and the habeas petition remains untimely.").

Moreover, even if Palomo had filed the second PCR petition within the one-year limitations period, it would not have tolled the limitations period because it was untimely under state law. In denying the second PCR petition, the PCR court explained:

> it was not timely filed under *Rule* 3:22-4(b) and 3:22-12(a)(2), having been filed more than five years after the 2011 conviction and a year after the denial in 2018 of his petition for certification. The PCR court held the issue of ineffective assistance of counsel was "raised and briefed" in petitioner's first PCR and appeal and could not be relitigated. The court could not relax these time frames based on an amendment to the Rules. *See R.* 1:3-4; *R.* 3:22-12(a)(2).

*M.R.P.*, 2020 WL 3980388, at *1–2; ECF No. 9-6 at 3–8. In affirming, the Appellate Division reiterated that the second PCR petition was untimely:

> We agree with the PCR court that the second PCR was time barred. Under [Rule 3:22(a)(2)], petitioner's second PCR had to be filed within one year of the denial of his first on November 12, 2015. The second PCR was filed on June 14, 2019, which was well beyond a year. The second PCR also was not timely filed regarding his appellate counsel's performance. It was filed more than a year after the petition for certification was denied on February 28, 2018. The late filing could not be excused under the Rules.

*State v. M.R.P.*, 2020 WL 3980388, at *1; ECF No. 9-7. Accordingly, since an untimely PCR petition is not "properly-filed" for purposes of tolling the habeas limitations period, even if the

5

second PCR petition had been filed within the one-year habeas limitations period, it would not have tolled that period. *See Clement v. Hauck*, No. 12-5234, 2015 WL 4171839, at *4 (D.N.J. July 10, 2015) ("It is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not 'properly filed' under § 2244(d)(2).").

The Court thus must dismiss the petition as untimely unless Palomo demonstrates a basis for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–649 (2010) (holding that one-year statute of limitations is non-jurisdictional and thus can be equitably tolled). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. District courts "should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Here, the State moved to dismiss the petition as untimely in June 2022, and Palomo has not responded to the motion, nor has he otherwise presented a basis for equitable tolling. The Court also finds no support in the record for it. Palomo's habeas petition is therefore time-barred.

In sum, Palomo filed his habeas petition nearly two years after the expiration of the one-year limitations period, and he has suggested no basis for equitable tolling. Accordingly, his petition must be dismissed as untimely, and the State's motion to dismiss is granted.

### III.     Certificate of Appealability

An appeal may not be taken from a final order in a § 2254 proceeding unless a judge or circuit justice issues a certificate of appealability upon finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1) & (2). In *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The Court will deny a certificate of appealability because jurists of reason would not find it debatable that this petition is untimely.

### IV.    CONCLUSION

For the reasons stated above, the State's motion to dismiss (ECF No. 9) is granted, Palomo's petition (ECF No. 6) is dismissed, and a certificate of appealability is denied. An appropriate order follows.

DATED: April 27, 2023

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
